# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MAVRICK NOEL and**
**MACKENDY DORCELY,**

      **Plaintiffs,**

v.                                           Case No: 6:25-cv-2117-PGB-LHP

**WESTLAKE FINANCIAL**
**SERVICES, ROUTE ONE AUTO,**
**LLC, KETTERLE & SONS, INC.,**
**THE CITY OF ORLANDO,**
**OFFICER K. NOEL, OFFICER D.**
**WOOTEN and OFFICER L.**
**BERGGREN,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court upon *pro se* Plaintiffs Mavrick Noel and Mackendy Dorcely's (collectively, the "**Plaintiffs**") Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3 (the "**Motion**")). The Court does not deem a response to the Motion by Defendants Westlake Financial Services ("**Westlake**"), Route One Auto, LLC ("**Route One**"), Ketterle & Sons, Inc. ("**Ketterle**"), The City of Orlando, Officer K. Noel, Officer D.

Wooten, or Officer L. Berggren (collectively, the "**Defendants**") to be necessary.[1] Upon consideration, the Motion is due to be denied.

I.   BACKGROUND

In the Complaint, Plaintiffs bring an expansive series of claims arising from the repossession of their 2017 Tesla Model S motor vehicle (the "**Motor Vehicle**")) on October 30, 2025. (Doc. 1). Specifically, Plaintiffs assert that, on the date of the repossession, they were current on their loan payments owed to Westlake under their contract for the financing of the Motor Vehicle. (*Id.* at p. 3). However, Westlake nonetheless assigned Plaintiffs' loan account to debt collector Route One and caused the Motor Vehicle to be repossessed by Ketterle. (*Id.* at pp. 2–3). Moreover, when Plaintiffs protested the repossession of the Motor Vehicle outside of their residence, the Orlando Police Department ("**OPD**") became involved, ultimately facilitating the allegedly unlawful repossession. (*Id.* at pp. 5–9).

Plaintiffs' allegations culminate in nine counts against Defendants, including for (1) violations of the Fair Debt Collection Practices Act, (2) violations of the Florida Consumer Collection Practices Act, (3) violations of 42 U.S.C. § 1983, (4) violations of Florida Statute § 679.609, (5) conversion, (6) violations of the

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981). In any event, the Court notes that Defendants have not yet appeared in this action.

Gramm-Leach-Bliley Act, (7) violations of the Federal Trade Commission Act, (8) civil conspiracy, and (9) intentional infliction of emotional distress. (*Id.* at pp. 10–33).

Now, Plaintiffs move on an emergency basis for a temporary restraining order and preliminary injunction against Defendants. (Doc. 3). In the Motion, Plaintiffs ask the Court to issue an Order preventing the disposal or sale of the Motor Vehicle; preventing evidence in the case, including "call records, documents, and body camera footage," from being destroyed; and prohibiting OPD from performing future unlawful repossessions. (*Id.* at p. 2).

## II.   STANDARD OF REVIEW

To obtain a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate (1) a substantial likelihood of success on the merits of the underlying case; (2) irreparable harm in the absence of a restraining order or injunction; (3) that the harm suffered by the plaintiff in the absence of a restraining order or injunction would exceed the harm suffered by the defendant if the restraining order issued; and (4) that a restraining order or injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002); *Miccosukee Tribe of Indians of Fla. v. United States*, 571 F. Supp. 2d 1280, 1283 (S.D. Fla. 2008).

Further, temporary restraining orders and preliminary injunctions are "extraordinary and drastic remed[ies] not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to *each* of the four prerequisites." *Siegel*

*v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (emphasis added). Ultimately, the court's issuance of such relief should be "the exception rather than the rule." *Siegel*, 234 F.3d at 1176.

### III. DISCUSSION

In the instant case, Plaintiffs have not clearly established that, absent a restraining order or preliminary injunction, Plaintiffs will suffer irreparable harm.[2] *See Johnson & Johnson*, 299 F.3d at 1246–47.

A showing of irreparable harm is the "*sine qua non* of injunctive relief." *Seigel*, 243 F.3d at 1176 (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)) (internal quotation marks omitted). Monetary injuries rarely ever meet the steep threshold of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *Siegel*, 234 F.3d at 1191 ("[I]njury suffered by a plaintiff is 'irreparable' only if it cannot be undone through monetary remedies." (internal quotations omitted)). Further, the Eleventh Circuit has "emphasized on many occasions" that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Seigel*, 243 F.3d at 1176 (quoting *City of*

---

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

4

*Jacksonville*, 896 F.2d at 1285); *see also Church v. City of Hunstville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (highlighting that the threat alleged must be "real and immediate" rather than "merely conjectural or hypothetical").

In support of the notion that the disposal or sale of the Motor Vehicle would constitute irreparable harm, Plaintiffs cite its "unique characteristics as a 2017 Tesla Model S," their "possessory interest in the vehicle," and their "emotional attachment" thereto. (Doc. 3, p. 4). However, Plaintiffs provide no authority supporting that an emotional attachment to or a possessory interest in a motor vehicle can cause the loss of that vehicle to constitute irreparable harm. (*Id.*). Similarly, Plaintiffs fail to describe any particular features of the Motor Vehicle that render it unique among other vehicles of the same make and model. (*Id.*). Consequently, Plaintiffs provide no compelling evidence that the loss of the Motor Vehicle could not be adequately compensated for through monetary damages.[3] *See Sampson*, 415 U.S. at 90.

Plaintiffs' stated concerns regarding the possible destruction of evidence or the possibility of OPD committing constitutional violations against "other citizens" likewise fail to establish irreparable harm. The language used by Plaintiffs to describe these threats confirms they are purely conjectural. (*See, e.g.*, Doc. 3, p. 3 (asserting that "Westlake *may* delete call recordings under routine policies"; that

---

[3] Plaintiffs elsewhere assert that the Motor Vehicle "contains evidence of property damage (lawn ruts from tow truck)." (Doc. 3, p. 4). Plaintiffs fail to connect how the sale or disposal of this Motor Vehicle would constitute destruction of evidence as to ruts in Plaintiffs' lawn, which will presumably remain undisturbed. (*See id.*).

5

"[b]ody camera footage . . . *may* be destroyed"; and that OPD "*may* continue facilitating unconstitutional seizures" (emphases added)). Such tentative language, particularly in the absence of other convincing evidence regarding the immediacy of the threats, suggests that these threats are "remote [or] speculative" rather than "actual or imminent." *Siegel*, 234 F.3d at 1191; *see also Church*, 30 F.3d at 1337.

Because the Court finds that Plaintiffs have not clearly established the element of irreparable harm, it concludes that the "extraordinary and drastic" remedies Plaintiffs seek are not warranted here. *Siegel*, 234 F.3d at 1176. As a result, the Court does not reach the remaining requirements for establishing entitlement to such relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 7, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties