**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAVRICK NOEL and MACKENDY DORCELY,

        Plaintiffs,

v.                                 Case No:   6:25-cv-2117-PGB-LHP

ROUTE ONE AUTO, LLC, KETTERLE & SONS, INC., JOHN W. MINA, DJON WOOTEN, WESTLAKE FINANCIAL SERVICES, LLC, KENSON NOEL, BENJAMIN BERGGREN and ORANGE COUNTY, FLORIDA,

        Defendants

---

**ORDER**

    Before the Court are Plaintiffs' Application for Entry of Default Against Defendant Ketterle & Sons, Inc. (Doc. No. 60), and Plaintiffs' Application for Entry of Default Against Route One Auto, LLC (Doc. No. 61).  Plaintiffs, proceeding *pro se*, have also filed a supporting affidavit.  Doc. No. 63.  On review, both motions are due to be **DENIED without prejudice**.

    As an initial matter, the motions fail to comply with Local Rule 3.01(b) for failure to include a memorandum of legal authority in support.  The motions also

do not comply with Local Rule 3.01(g) — there are multiple Defendants in this case, some of which have appeared, and Plaintiffs have not certified a good faith conferral with them. Further, Plaintiffs do not adequately address by the motions or affidavit that Defendants Ketterle & Sons, Inc. and Route One Auto, LLC were properly served. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

According to the motions, the initial complaint was properly served on Defendants Ketterle & Sons, Inc. and Route One Auto, LLC under Federal Rule of Civil Procedure 4. Doc. Nos. 60, 61. However, Plaintiffs do not address initial service in any detail, merely pointing to returns of service. *Id.* As it relates to Ketterle & Sons, Inc., it appears that service may have been properly effected on John Ketterle, as owner. *See* Doc. No. 10. However, as it relates to Route One Auto, LLC, the return does not plainly demonstrate proper service. *See* Doc. No. 12. The return states only that service was effected on "Mae" as "Manager" without further information. *Id.* at 1. Confusingly, another unsigned proof of service is also attached to this document, stating that service was effected on

"Daniela." *Id.* at 3. Without further information, the Court cannot determine whether Route One Auto, LLC was properly served.[1]

Even assuming that service of the initial complaint was proper, however, Plaintiffs filed an amended complaint on December 5, 2025. *See* Doc. No. 37. In their motions, Plaintiffs then state "upon information and belief" that the amended complaint was served by the Clerk's Office on both Defendants by U.S. mail on December 5, 2025, in compliance with Federal Rule of Civil Procedure 5. Doc. Nos. 60, 61; Doc. No. 63 ¶ 6. But the Clerk's Office does not serve amended pleadings on non-appearing parties; that is Plaintiffs' responsibility, particularly where Plaintiffs are not proceeding *in forma pauperis*. Nor have Plaintiffs articulated why service under Rule 5 was appropriate. Accordingly, without further information, the Court cannot enter default at this time.

For these reasons, Plaintiffs' motions (Doc. Nos. 60, 61) are **DENIED without prejudice.** Plaintiffs shall file renewed motions within **fourteen (14) days** of this Order, addressing the issues set forth herein.

---

[1] The Court notes that records from the Florida Department of State, Division of Corporations, lists the only manager for Route One Auto, LLC as Hamza Lahsaini. Available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by placing "Route One Auto, LLC" into the "Entity Name" field.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2026.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties