**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAVRICK NOEL and MACKENDY
DORCELY,

       Plaintiffs,

v.                                                                Case No:   6:25-cv-2117-PGB-LHP

ROUTE ONE AUTO, LLC, KETTERLE
& SONS, INC., JOHN W. MINA,
DJON WOOTEN, WESTLAKE
FINANCIAL SERVICES, LLC,
KENSON NOEL, BENJAMIN
BERGGREN and ORANGE COUNTY,
FLORIDA,

       Defendants

**ORDER**

Before the Court is an Amended Motion for Writ of Replevin, filed on December 5, 2025, by Plaintiffs, who appear *pro se*.   Doc. No. 35.[1]   Defendant Westlake Financial Services, LLC responded in opposition.   Doc. No. 43.[2]   On review, the motion (Doc. No. 35) will be **DENIED without prejudice**.

---

[1] Although the motion states that it is filed by both Plaintiffs, it appears to be signed by only Plaintiff Mavrick Noel.   *See* Doc. No. 35, at 4–5.

[2] Plaintiffs also filed a reply, but the Court struck that filing as unauthorized and

First, since the filing of the motion, Plaintiffs have filed an amended complaint, rendering it questionable whether a renewed motion for writ of replevin is required as well. *See* Doc. No. 92. Second, the motion cites Fla. Stat. § 78.065(2) as the legal basis for the request. Doc. No. 35, at 1. But issuance of a pre-judgment writ of replevin under Florida law appears to be governed by Fla. Stat. § 78.055. That statue requires that for a writ of replevin to issue, "the plaintiff shall first file with the clerk of the court a complaint" demonstrating certain requirements for issuance of a writ. *See* Fla. Stat. § 78.055. Neither the former complaint nor the operative complaint contains a claim for replevin, nor do they appear to address the statutory requirements. *See* Doc. Nos. 37, 92. Plaintiffs also cite no legal authority supporting issuance of a writ of replevin by motion alone, nor does the motion address each of the statutory requirements. *Compare* Doc. No. 35, *with* Fla. Stat. § 78.055(1)–(5). [3] Accordingly, in any renewed motion, Plaintiffs must include citation to the record and applicable legal authority demonstrating that issuance of

---

filed without leave of Court. *See* Doc. Nos. 52, 56.

[3] As but one example, § 78.055(3) requires Plaintiffs to provide "[a] statement that the property is wrongfully detained by the defendant, [and] the means by which the defendant came into possession thereof[.]" Plaintiffs do not state in the motion which of the eight (8) named Defendants allegedly seized the vehicle at issue, and do not identify which of the eight (8) named Defendants "refuse return." *See* Doc. No. 35, at 2. Plaintiffs also do not address the requirements of subsections (4) and (5) at all. *See id.*

a writ of replevin is appropriate in this case, and that Plaintiffs meet all the legal requirements for issuance thereof.

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties