# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAVRICK NOEL and MACKENDY
DORCELY,

       Plaintiffs,

v.                                                          Case No:   6:25-cv-2117-PGB-LHP

ROUTE ONE AUTO, LLC, KETTERLE
& SONS, INC., JOHN W. MINA,
DJON WOOTEN, WESTLAKE
FINANCIAL SERVICES, LLC,
KENSON NOEL, BENJAMIN
BERGGREN and ORANGE COUNTY,
FLORIDA,

       Defendants

---

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File Supplemental Brief Out of Time and Motion for Reconsideration of Order Denying Motion to Compel (Doc. No. 165).   Doc. No. 166.   Defendant Westlake Financial Services, LLC responds in opposition.   Doc. No. 173.   Upon consideration, the motion (Doc. No. 166) will be **DENIED.**

Plaintiffs' motion concerns the Court's Order denying as moot Plaintiffs' motion to compel related to Westlake. *See* Doc. No. 165. Regarding the underlying motion to compel, the Court ordered supplemental conferral and briefing from both Westlake and Plaintiffs. Doc. Nos. 122, 140. Westlake timely complied, but Plaintiffs did not. Doc. No. 159; *see also* Doc. No. 151. Westlake's briefing stated that after conferral, Westlake amended its discovery responses, rendering Plaintiffs' motion to compel moot. Doc. No. 159. Based thereon, and given the lack of any supplement from Plaintiffs, the Court found the motion moot, noting that even if it were not moot, the motion was due to be denied for Plaintiffs' failure to timely file a supplemental brief. Doc. No. 165.

Now, Plaintiffs seek reconsideration of that Order, and ask to file their supplemental briefing out-of-time. Doc. No. 166. Plaintiffs acknowledge they failed to meet the Court's deadline, but argue that said failure was the result of excusable neglect, to include that there are numerous other filings in this case requiring Plaintiffs' attention, and "ongoing employment obligations and business operations that Plaintiffs must maintain to fund litigation costs and daily life." *Id.* at 4. They also argue that the delay was minimal, and Westlake will suffer no prejudice. *Id.* at 3. Plaintiffs also explain why they believe their motion to compel is not moot. *Id.* at 5–7.

Reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citation omitted). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Id.* (citations omitted).

Plaintiffs acknowledge these standards for reconsideration in their motion. Doc. No. 166, at 5. However, they nowhere apply them, and they identify no change in controlling law, new evidence, nor manifest injustice to support their motion. *Id.* Nor does the Court find any of these considerations present. *See Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) ("alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief" of reconsideration). The Court likewise finds Plaintiffs' claims of excusable neglect insufficient to set aside the Court's Order, as "simply missing a deadline due to a busy schedule is not sufficient to establish excusable neglect to justify reconsideration." *See Oliveira v. Am. Airlines, Inc.*, No. 6:25-cv-1133-CEM-LHP, 2026 WL 904691, at *2 (M.D. Fla. Apr. 2, 2026).

For these reasons, Plaintiffs' motion (Doc. No. 166) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties